**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DION ROBERT BISHOP,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 1:25-cv-121** |
| | ) | |
| **OFFICER RHOADES,** | ) | **District Judge Baxter** |
| **Defendant.** | ) | |

# MEMORANDUM OPINION

## I. Procedural History

Plaintiff Dion Robert Bishop, acting pro se, filed a motion seeking leave to proceed in forma pauperis, along with a complaint. *See* ECF No. 1. Plaintiff's legal claims arise out of his May 29, 2024 arrest. As Defendants to the action, Plaintiff names Officer Rhoades of the Erie Police Department, Assistant District Attorney Jennifer Ragger, Erie County Court of Common Pleas Judge William Mead, Public Defender Abigail Groner, court-appointed defense counsel Keith Clelland, and Magisterial District Judge Suzanne Mack.

Pursuant to 28 U.S.C. § 1915(e)(2)[1], this Court screened Plaintiff's complaint and determined that his federal claims against Defendants Ragger, Mead, Groner, Clelland, and

[1] The statute provides that "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under § 1915(e)(2) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Mack, even liberally construed, failed as a matter of law and dismissed those claims for failure to state a claim upon which relief may be granted. Any amendment of the § 1983 claims against these Defendants was deemed futile. However, the Court recognized that Plaintiff's claims against Officer Rhoades, while only barely factually supported, were sufficient to survive initial screening[2]. ECF No. 8, 9.

Thereafter, Plaintiff filed an Amended Complaint against Officer Rhoades. ECF No. 12. The Amended Complaint is brief, numbering only three pages in length. Although short on factual allegations, Plaintiff nonetheless lists five separate causes of action:

Count I – False Arrest

Count II – Malicious Prosecution

Count III – Illegal Search and Seizure

Count IV – Suppression of Exculpatory Evidence (*Brady* violation)

Count V – Due Process Violation

Plaintiff seeks to enforce these alleged constitutional violations by way of 42 U.S.C. § 1983. As relief, Plaintiff seeks compensatory damages from Officer Rhoades in the amount of thirteen million dollars. *Id.*

In response to the Amended Complaint, Defendant Rhoades moved to dismiss. ECF No. 23. Plaintiff responded to the motion to dismiss by filing supplements and exhibits in support of his Amended Complaint. *See* ECF Nos. 25, 27, 29. Both Plaintiff and Defendant have submitted state court records related to the underlying criminal case which remains pending. This Court

---

[2] Plaintiff's original claims against Defendant Rhoades, and consequently the only ones to have survived initial screening, are claims of false arrest, malicious prosecution, and violation of due process.

will take judicial notice of these documents because they are court records and because their authenticity is undisputed.[3]

## II. Standards of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) *citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) *citing* 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-36 (3d ed. 2004). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[3] Courts within the Third Circuit have held that a court may take judicial notice of court dockets at the motion to dismiss stage. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) (taking judicial notice of "state court proceedings insofar as they are relevant"); *Mollett v. Leith*, 2011 WL 5407359, at *2 (W.D. Pa. 2011) ("A court may also take judicial notice of the docket in Plaintiff's underlying criminal trial.") *aff'd sub nom. Mollett v. Leicth*, 511 Fed. App'x 172 (3d Cir. 2013).

Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

While detailed factual allegations are not required to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id. citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) *citing Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the court must view the factual allegations contained in the pleading at issue as true, the court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has laid out the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and the determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) *quoting Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This determination is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because Plaintiff is proceeding pro se, the allegations of his complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002); *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."). Notwithstanding this relaxed pleading standard, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. The Allegations of the Amended Complaint

In his Amended Complaint, Plaintiff purportedly raises the following legal claims:

- unlawful seizure and false arrest – based on his arrest without probable cause;

- malicious prosecution based on prosecution unsupported by evidence and contradicted by video;

- illegal search and seizure based on Defendant's entry into Plaintiff's residence and seizure of property without lawful return or valid inventory;

- suppression of evidence based on Defendant's failure to disclose or protect exculpatory video, call logs, and CAD records; and

- due process violation based on Defendant's misconduct in re denial of fair treatment and meaningful opportunity to defend afforded to Plaintiff.

ECF No. 12. The factual allegations supporting these claims, as scant and underdeveloped as they are, are related here in their entirety.

Plaintiff alleges that Officer Rhoades effectuated his arrest pursuant to an affidavit that was false and legally defective in several material respects. According to Plaintiff, the alleged victim sustained no injuries, a fact he contends is inconsistent with the assault charges brought against him. Plaintiff further alleges that video evidence contradicts the sequence of events set forth in the affidavit and established that no physical engagement between Plaintiff and the alleged victim occurred. Plaintiff asserted that Rhoades knowingly omitted this exculpatory evidence from the affidavit, in violation of his obligations under *Brady v. Maryland*. ECF No. 12, ⁋⁋ 1-5.

With respect to an allegedly illegal search of his residence, Plaintiff alleges that the underlying warrant identified a firearm that was never recovered and that no lawful return was filed following execution of the warrant. Plaintiff further alleges that Rhoades criminally charged Plaintiff's wife and adult son, notwithstanding that neither was named in the warrant. Plaintiff contends that the weapons of his wife, a licensed firearms owner, were seized without cause and without a proper inventory. He alleges that the firearms actually seized did not match those described in either the affidavit or the warrant, and that the inventory document reflects the seizure of unlisted weapons, including a 9mm Taurus handgun, not belonging to Plaintiff. Plaintiff complains that no signed inventory return was provided at the time of seizure or at booking. *Id.* at ⁋⁋ 6-11.

Plaintiff further alleges that the arrest resulted in excessive charges brought for the purpose of coercing a guilty plea, and that family members were pressured into accepting plea agreements under threat of incarceration. Allegedly, Plaintiff's wife and son were each appointed

counsel whom Plaintiff describes as ineffective, while Plaintiff was forced to represent himself. *Id.* at ⁋⁋ 14-16.

Plaintiff further contends that Rhoades acted without lawful jurisdiction and outside the scope of his lawful authority, executing what Plaintiff characterizes as a void warrant and omitting material facts from the supporting affidavit. *Id.* at ⁋⁋ 12-13. Plaintiff alleges that in doing so, Rhoades acted under color of state law to deprive Plaintiff and his family members of their rights under both the state and federal constitutions. *Id.* at ⁋ 21.

## IV. Analysis[4]

### A. Preliminary Matters

Section 1983 provides a private cause of action for the deprivation of rights secured by the Constitution or laws of the United States by any person acting under color of state law. *See* 42 U.S.C. § 1983. The statute does not itself create substantive rights; rather, it serves as the vehicle through which individuals may vindicate federal constitutional and statutory rights violated by state actors. *Gomez v. Toledo*, 446 U.S. 635, 638-39 (1980). Where a state actor deprives an individual of a right guaranteed by the Constitution, that individual may seek redress in federal court through a § 1983 action against the responsible official. Here, Plaintiff alleges that Defendant Rhoades violated his constitutional rights under the Fourth and Fourteenth Amendments. Because Plaintiff's underlying criminal case remains pending, each of his legal claims must be assessed for ripeness or accrual before this Court can proceed to their merits.

[4] At the outset, the Court notes that Plaintiff has no standing to bring any legal action on behalf of his wife and adult son. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]his Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Even before reviewing ripeness and accrual, however, the Court must consider whether abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971), given the pendency of Plaintiff's state criminal prosecution.[5] *Younger*, and its progeny, "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

*Younger* abstention applies where there is (1) an ongoing state judicial proceeding, (2) the state proceedings implicate an important state interest, and (3) that provides an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) *citing Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005). All three elements are arguably satisfied here: Plaintiff's criminal case remains pending in the Erie County Court of Common Pleas, the state's interest in prosecuting criminal offenses is paramount, and Plaintiff may raise his constitutional objections through pretrial motions, at trial, or on direct appeal. *Younger* ordinarily requires dismissal, rather than a stay, of claims for injunctive or declaratory relief that would interfere with the state proceeding. *See Younger*, 401 U.S. at 43-45. Plaintiff's Amended Complaint, however, seeks only money damages. Because a damages award would not enjoin, annul, or otherwise directly interfere with the ongoing state prosecution, *Younger* abstention does not require dismissal of Plaintiff's Fourth Amendment claims outright. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (holding that *Younger* does not require dismissal of damages claims that cannot be redressed in the state proceeding, though the district

[5] Plaintiff's criminal case is ongoing, according to the Erie County Court of Common Pleas docket, last accessed August 12, 2026.

court may stay the action pending resolution of the state case). Consistent with *Deakins*, the appropriate course is to stay rather than dismiss those claims as set forth below.

### B. The Fourth Amendment Claims of False Arrest and Illegal Search[6]

Plaintiff's Fourth Amendment claims of false arrest and illegal search related to the search of his home must be stayed. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Defendant moves for dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff cannot bring a § 1983 damages claim if a favorable judgment would necessarily imply the invalidity of an existing criminal conviction or sentence, unless that conviction or sentence has already been reversed, expunged, or otherwise invalidated. The Court reasoned that allowing such a claim to proceed would create the possibility of two inconsistent judgments – one civil, one criminal- regarding the same underlying conduct, effectively permitting a collateral attack on a conviction through a civil damages suit rather than through habeas corpus or direct appeal. Accordingly, courts must ask whether success on the § 1983 claim would necessarily undermine the validity of the conviction, if so, the claim is not cognizable until the conviction is invalidated, but if the claim would not affect the conviction's validity (for example, because independent evidence supports the conviction regardless of the alleged constitutional violation), the suit may proceed.

Defendant's reliance on *Heck* is misplaced. Plaintiff has not been convicted, but is instead actively defending the criminal charges against him in state court. "[T]he *Heck* rule … is called into play only when there exists a conviction or sentence that has not been invalidated,

---

[6] Counts I and III of the Amended Complaint, respectively.

that is to say, an outstanding criminal judgment." *Wallace*, 549 U.S. at 393. In fact, the *Wallace* Court provided the precise procedural roadmap which this Court will follow here:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim relating to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393-94. This reasoning applies equally to Plaintiff's illegal search and seizure claim. Accordingly, the motion to dismiss will be denied in this regard and these two claims (at Count I and III) will be stayed.

### C. The *Brady* and Due Process Claims[7]

Although the *Brady* and due process claims are listed as separate claims by Plaintiff in his Amended Complaint, a *Brady* violation, standing alone, is not a freestanding cause of action under 42 U.S.C. § 1983; rather, it is the predicate constitutional violation that may support a § 1983 claim for denial of due process. *See Smith v. Holtz*, 210 F.3d 186, 196 (3d Cir. 2000) (evaluating suppression of exculpatory evidence as the basis for a § 1983 due process claim, contingent on the plaintiff proving suppression, favorability, and materiality). Moreover, such claims do not accrue, and the limitations period does not begin to run, until the criminal proceeding terminates in the plaintiff's favor, because a favorable resolution of the civil claim would necessarily implicate the validity of any conviction that might yet be obtained in the pending prosecution. *Heck v. Humphrey*, 512 U.S. at 486-87; *accord McDonough v. Smith*, 588

[7] Counts IV and V, respectively.

U.S. 109, 117-18 (2019) (holding, in the analogous fabricated evidence context, that a due process claim accrues only when the criminal proceeding terminates in the plaintiff's favor).

Because the criminal charges against Plaintiff remain pending, the *Brady*-based due process claim has not yet accrued, and any judgment by this Court on that claim at this juncture would risk conflicting with the outcome of the ongoing state prosecution. Accordingly, the due process claim is not yet cognizable and will be dismissed without prejudice as premature, with leave to refile should the underlying criminal proceeding terminate in Plaintiff's favor. *See Heck*, 512 U.S. at 489-90; *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (applying the same accrual and dismissal framework to a related fabricated-evidence due process claim).

**D. The Malicious Prosecution Claim**[8]

Plaintiff's malicious prosecution claim fails because, like the due process claim, it is premature. A § 1983 malicious prosecution claim requires, as an element, that the underlying criminal proceeding "ended in [the plaintiff's] favor." *Thompson v. Clark*, 596 U.S. 36, 49 (2022); *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (listing favorable termination among the elements a plaintiff must plead and prove to sustain a § 1983 malicious prosecution claim). Because the criminal proceedings against Plaintiff remain pending, that element cannot be satisfied, and the claim has not accrued. *See Heck*, 512 U.S. at 489-90; *Rose v. Bartle*, 871 F.2d 331, 348-49 (3d Cir. 1989) (a malicious prosecution claim does not accrue until the underlying prosecution is terminated in the plaintiff's favor).

Accordingly, Plaintiff's malicious prosecution claim will also be dismissed without prejudice, with leave to refile if and when the state criminal proceeding terminates in his favor.

---

[8] Count II of the Amended Complaint.

## V. Conclusion

In summary, Plaintiff's five causes of action require different dispositions at this stage. Plaintiff's claim for false arrest and illegal search, which challenge the existence of probable cause for his arrest and the validity of the underlying search, are not barred by *Younger* abstention insofar as they seek only money damages, since a damages judgment would not enjoin or otherwise interfere with the ongoing state prosecution. *See Deakins,* 484 U.S. at 202. Because those claims turn on facts that will also be litigated in the pending criminal proceeding, however, the Court will stay them pending resolution of that proceeding, to avoid the risk of parallel litigation and potentially inconsistent findings on the same probable cause issues. *See Wallace,* 549 U.S. at 393-94. Plaintiff's due process claim premised on an alleged *Brady* violation and his malicious prosecution claim (at Counts II, IV, and V), by contrast, have not yet accrued at all, since they depend on a favorable termination of the state prosecution that has not occurred. Those claims will be dismissed without prejudice as premature, with leave to refile should the state proceeding terminate in Plaintiff's favor.[9] This disposition permits Plaintiff to pursue his damages claims for false arrest and illegal search once the state proceeding concludes, while avoiding premature federal adjudication of claims that are not yet ripe and respecting the comity concerns that animate both the *Younger* and *Heck* lines of authority.

For administrative convenience, the Clerk of Court will be directed to administratively close this case as to Plaintiff's stayed claims for false arrest and illegal search, without prejudice to either party's rights and without effecting a dismissal of those claims. Administrative closure

---

[9] To the extent the Amended Complaint could be liberally construed to seek any injunctive or declaratory relief that would interfere with the ongoing state prosecution, such relief is unavailable under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.

is a docket-management tool that does not terminate the claims on the merits or otherwise prejudice Plaintiff's rights; it simply removes the matter from the Court's active calendar while the parallel state criminal proceedings runs its course. *See Pennsylvania West Associates, Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004). Either party may move to reopen this case within thirty (30) days following the conclusion of the criminal case at CP-25-CR-0001544-2024 in the Erie County Court of Common Pleas. In the event that no such motion is filed within ninety (90) days after the disposition becomes final, this Court may dismiss the stayed claims for failure to prosecute.

An appropriate Order follows this Memorandum Opinion.